Robert D. Mitchell (SBN 011922)
Christopher J. Waznik (SBN 032812)
Anne P. Barber (SBN 035591)
CM Matthew Luk (SBN 037238)

TB TIFFANY & BOSCO P.A.

Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
E-mail: rdm@tblaw.com; cjw@tblaw.com;
apb@tblaw.com; cml@tblaw.com
*Attorneys for Claimant Haiqiang Lu*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                          Plaintiff,<br><br>v.<br><br>1,150,049.51316 TetherUS ("USDT")<br>59,939.992 Ethereum Classic ("ETC")<br><br>                          Defendants, | No.: 4:23-cv-00147-MSA<br><br>**CLAIMANT HAIQIANG LU'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS AND RETURN PROPERTY**<br><br>**(Oral Argument Requested)** |

Claimant Haiqiang Lu, by and through undersigned counsel, submits this reply in support of his Motion to Dismiss and Return Property ("Motion"). (Doc. 18). The Government admits that it provided notice of the seizure and forfeiture *for the first time* on August 11, 2025—over 33 months after Mr. Lu's property was seized on October 27, 2022, and after Mr. Lu filed his Verified Claim on August 5, 2025. (Doc. 21 at 2). The Government wrongly argues that this extended period was "reasonable" and comports with Mr. Lu's due process rights. In truth, Mr. Lu lost his property for years without being notified of its location, a court case number, or even the reason why it was taken from him. Accordingly,

Mr. Lu respectfully asks that the Court rectify this wrong and return the seized property to him, as its lawful owner.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. The Government Failed to Provide the Required Notice.

The Government asserts, without basis, that its notice obligations required in 18 U.S.C. § 983 and Rule G(4) did not apply until the case was unsealed. *See* (Doc. 21 at 2). In support, the Government rests on unpublished cases and 18 U.S.C. § 983(a)(1). *See* (*id.* at 6-7). The Government is wrong.

Initially, the Government relies heavily on *United States v. Real Property & Residence Located at 4816 Chaffey Lane ("4816 Chaffey Lane")*, No. CIV.A 5:08-CV-410JMH, 2010 WL 147211, at *1 (E.D. Ky. Jan. 8, 2010), which addressed the procedures of Supplemental Rule G(3)(c)(ii)(B). But unlike in *4816 Chaffey Lane*, the Government *never* obtained a stay of this proceeding. When the Court sealed this case in 2013, it did not order that the Government could provide notice under a different timeline. *See* (Doc. 11). As a result, the exception set forth in Supplemental Rule G(3)(c) is inapplicable.

The Government also cites 18 U.S.C. § 983(a)(1)(D)(v), which says that the notice period can be extended in certain limited circumstances. However, that section must be read in conjunction with § 983(a)(1)(C), which requires the Government to file a motion, and then the Court may only extend the notice period by sixty days, and another sixty days if it determines "based on written certification of a supervisory official in the headquarters office of the seizing agency" that sending a notice would have an adverse effect. 18 U.S.C. § 983(a)(1)(C). Neither such a process nor such a finding has occurred here.

Next, the Government asserts that it did not need to comply with the 60-day notice requirement under 18 U.S.C. § 983(a)(1)(A)(i) and the 90-day requirement to file an in rem civil complaint under 18 U.S.C. § 983(a)(3). *See* (Doc. 21 at 5-6). Although the Motion referenced certain administrative forfeiture cases (many of which became judicial forfeiture

1  cases) to support Mr. Lu's argument that taking thirty-three months to give notice is unreasonable, Mr. Lu did not argue that the Government had to provide notice within sixty days under 18 U.S.C. § 983(a)(1)(A)(i) or file a civil judicial forfeiture action within ninety days under 18 U.S.C. § 983(a)(3).[1]

Instead, "[n]o notice is required if, before the 60-day period expires, the Government files a civil judicial forfeiture action against the property *and provides notice of that action as required by law*." 18 U.S.C. § 983(a)(1)(A)(ii) (emphasis added).  The Government admits it did not file a civil judicial forfeiture action before the 60-day period expired, and thus, the exemption from the notice requirement does not apply.  But even assuming the 60-day notice period is inapplicable in a civil judicial forfeiture action, the Government certainly did not have over 1,000 days to provide notice.

The Government needed to provide notice of the civil judicial forfeiture action under Rules 4(n) and 5(a)(3) and Supplemental Rule G(4)(a)(i) within a "reasonable time" after filing the complaint.  *See* Fed. R. Civ. P. 5(a)(3) ("If an action is begun by seizing property and no person is or need to be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized."); Fed. R. Civ. P. 4(n) ("Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule."); Supp. R. G(4)(a)(i) ("A judgement of forfeiture may be entered *only* if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders[.]" (emphasis added)).  Because the Court did not grant an extended period for notice, it should hold that thirty-three months does not constitute notice within a "reasonable time."

Finally, the Government argues that because it provided actual notice to Mr. Lu's

---

[1] Mr. Lu recognizes the Ninth Circuit's ruling in *Omidi v. United States*, 851 F.3d 859 (9th Cir. 2017), and its binding nature.  He reserves the right to contest the Ninth Circuit's interpretation of 18 U.S.C. § 983(a)(1)(A)(i) if an appeal becomes necessary.  In any event, *Omidi* is not applicable here because Mr. Lu does not assert the government needed to provide notice of seizure within 60 days, only that it had to provide notice within a reasonable time.

3   CLAIMANT'S REPLY ISO MOTION
    TO DISMISS AND RETURN PROPERTY

counsel on August 11, 2025 (almost a week after Mr. Lu filed his Verified Claim on August 5, 2025), Mr. Lu cannot seek a dismissal under Supplemental Rule G(4)(b)(v).  *See* (Doc. 21 at 3).  But that isn't Mr. Lu's position.  Mr. Lu, of course, knew of the instant case by August 11, 2025, given his filing of his Verified Claim.  Mr. Lu instead argues that the case must be dismissed because the Government failed to provide notice in a "reasonable time" as required by Supplemental Rule G(4)(a)(i).  Supplemental Rule G(4)(b)(v) must be read in conjunction with Supplemental Rule G(4)(a)(i), as courts do not interpret the Federal Rules of Civil Procedure by viewing the governing language in isolation, but rather read the rules in the context of all pertinent provisions.  *See, e.g.*, *Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 123 (1989).

The other unpublished cases cited by the Government—*United States v. One 2011 Porsche Panamera*, 684 F. App'x 501 (6th Cir. 2017), and *United States v. One Piece of Real Property Located at 15010 S.W. 168th Street, Miami, FL*, 2008 WL 659472 (S.D. Fla. Mar. 6, 2008)—are inapposite because they concern the late filing of an answer and seeking relief from default judgment, neither of which is at issue here.

In summary, the Government failed to meet its duties under 18 U.S.C. § 983(a)(1)(A)(ii), Rule 4(n), Rule 5(a)(3), and Supplemental Rule G(4)(a)(i) to provide notice of the seizure and the forfeiture action within a reasonable time, and thus the Court must dismiss this action and order the return the seized property to Mr. Lu.

**II.     The Government Denied Mr. Lu his Due Process Rights.**

The Government agrees that the four-factor "Barker-Wingo" test controls whether Mr. Lu's due process rights have been violated.  *See* (Doc. 21 at 8).  Under that test, the Court weighs four factors: (1) the length of delay; (2) the reason for the delay; (3) Mr. Lu's assertion of his rights; and (4) the prejudice to Mr. Lu.  *See United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 564 (1983) (citing *Barker v. Wingo*, 407 U.S. 514 (1972)).

Under the first factor, the Government admits that the length of the delay favors Mr. Lu if the time at which the case was sealed is considered. *See* (Doc. 21 at 9). Because the Government offers no principled justification for why the Court should not consider the 2+ years the case was under seal with no extension of the notice deadlines, this factor weighs heavily in favor of Mr. Lu.

As to the second factor, the Government argues that it must be allotted time to investigate before initiating forfeiture actions. *See* (Doc. 21 at 9). While such justification may support the Government's 151 days of delay between the seizure action and the filing of the forfeiture action, it does not support the additional 872 days between the filing of the forfeiture action and providing notice to Mr. Lu. Accordingly, the Government does not provide adequate reasoning for the protracted delay seen in this case, and this factor weighs in favor of Mr. Lu.

Turning to the third factor, the Government argues that Mr. Lu "did nothing to prompt more rapid actions from the government, such as filing motions in court demanding the return of his property." (Doc. 21 at 10). The Government is wrong for several reasons. For starters, Mr. Lu obviously could not have "filed" anything without knowing a case number, let alone that a foreign government (he is a citizen of Vanuatu and resident in Hong Kong) seized his property. Beyond that, Mr. Lu made more than reasonable efforts by sending multiple emails to the Government and hiring a Hong Kong attorney to send an inquiry letter. In fact, the Government openly admits that it received *and ignored* the written correspondence from Mr. Lu. *See* (Doc. 21 at Ex. B, p. 43). In short, Mr. Lu took reasonable steps to try to secure the return of his property, and thus this favor weighs in favor of Mr. Lu.

Finally, as to the fourth factor, Mr. Lu was prejudiced by the delay. For example, the affidavit of FBI Special Agent Nathan Wood shows the transaction between Siew Jin Wei and Mr. Lu. *See* (Doc. 21 at Ex. B, p. 42). This name matches the over-the-counter merchant from whom Mr. Lu purchased his USDT. *See* (Doc. 17, at Ex. A, p. 1). The delayed notice

makes recovering transaction records from this merchant much more difficult, if not impossible. Thirty-three months can cause critical evidence and records to disappear, thereby causing immense prejudice to Mr. Lu. Thus, this factor also weighs in favor of Mr. Lu.

The Fifth Amendment provides that no person shall be deprived of property without due process of law. Here, the Government flagrantly violated the Fifth Amendment by depriving Mr. Lu of his property for almost three years without his consent, without notice, and without a hearing. As all four Barko-Wingo factors weigh in favor of Mr. Lu, the Court should dismiss this case for violation of Mr. Lu's due process right. *See, e.g.*, *United States v. $19,440.00 in U.S. Currency*, 829 F. Supp. 303, 305 (D. Alaska 1993) (dismissing the civil forfeiture action after finding a 33-month delay to violate the claimant's due process right to a prompt post-seizure hearing).

### III. The Seized Cryptocurrencies are not Subject to Forfeiture.

The Government asserts in its response that "all the Defendant Currency is traced to innocent victims in the United States of this wire fraud and money laundering criminal enterprise." (Doc. 21 at 12). The Government's own affidavit in support of its response and Complaint, however, directly contradicts that assertion and only traces to Defendant USDT. *See* (Doc. 21 at Ex. B, p. 29 and 40). Thus, the entire 59,939.922 ETC cannot be traced to victims. For this reason alone, the Government has not sufficiently alleged "detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). Thus, the Court should dismiss the seized cryptocurrencies that the Government admits could not be traced to victims.[2]

Furthermore, the Government asserts it only seized the cryptocurrencies listed as Defendants, and claims it did not seize other cryptocurrencies in Mr. Lu's Binance account. However, the search warrant authorized the Government to seize "any and all cryptocurrency"

---

[2] Given the extended period that has passed since the seizure of Mr. Lu's property, the Government should not be allowed to amend its Complaint to allege otherwise.

in Mr. Lu's Binance account, which included BTC, DOGE, DOT, and others. Binance informed Mr. Lu that all of these other cryptocurrencies disappeared after the Government's seizure. Thus, Mr. Lu requests that the Court issue an order returning all cryptocurrencies seized pursuant to the search warrant. If the Government truly did not seize anything more than the Defendants, such a corrective order would not affect the Government.

Next, although Mr. Lu agrees he must prove by a preponderance of the evidence that he is an innocent owner under 18 U.S.C. § 983(d), the Government bears the burden of proof, "by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c). The Motion does not ask the Court to determine the sufficiency of the evidence on whether Mr. Lu is or is not an innocent owner.[3] Rather, Mr. Lu asks the Court to determine whether the Government adequately pled its case against his property without mentioning Mr. Lu a single time in the Complaint or alleging any wrongdoing on his part. If the Government believes Mr. Lu engaged in criminal conduct, Mr. Lu is entitled to notice of such allegations so he can defend against same.

Under age-old pleading standards, the Government did not sufficiently plead its case, and the Complaint should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

### IV. Conclusion.

For the foregoing reasons, Mr. Lu respectfully requests that the Court dismiss this case with prejudice for failure to provide required notice and violation of due process, and order the immediate return of the seized property to him. At a minimum, the Court must dismiss the claims against 59,939.992 Ethereum Classic and order the return of any cryptocurrencies

---

[3] If, however, the Court chooses to look at the evidence in Mr. Lu's Verified Claim, he has proven by a preponderance of the evidence that he is an innocent owner of the seized cryptocurrencies.

that the Government admitted could not be traced to any alleged criminal activities, including any non-defendant cryptocurrencies. Mr. Lu also seeks attorneys' fees, litigation costs, an imputed amount of interest pursuant to 28 U.S.C. § 2465(b), and any other relief that the Court deems just and proper.

DATED this 12th day of September 2025.

TIFFANY & BOSCO, P.A.

By /s/ Robert D. Mitchell
Robert D. Mitchell
Christopher J. Waznik
Anne P. Barber
CM Matthew Luk
Camelback Esplanade II, Seventh Floor
2525 E. Camelback Road
Phoenix, Arizona 85016
*Attorneys for Claimant Haiqiang Lu*