WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

$1,150,049.51316 TetherUS, et al.,

Defendants.

No. CV-23-00147-TUC-RM (MSA)

**ORDER**

On November 19, 2025, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation ("R&R") (Doc. 38), recommending that this Court deny Claimant Haiqiang Lu's Motion to Dismiss (Doc. 18). On December 1, 2025, Claimant Lu filed an Objection (Doc. 45) and on December 15, 2025, the Government filed a Response to the Objection (Doc. 47). For the following reasons, the Court will overrule Claimant Lu's Objection and adopt Magistrate Judge Aguilera's R&R.

## I.     Background

On October 27, 2022, a federal magistrate judge in the District of Arizona issued a warrant authorizing the seizure of "any and all funds and cryptocurrency" in a single Binance account held by Claimant Lu. (MB-22-8946, Doc. 2.) In support of the warrant, Federal Bureau of Investigation Special Agent Nathan Wood submitted an affidavit stating that that Claimant's Binance account held "approximately $2.6 million in cryptocurrency, which represent proceeds of a wide-ranging fraud and money laundering conspiracy that utilized fraudulent websites to lure in victims based on fake investments in

cryptocurrencies." (MB-22-8946, Doc. 2-1 at 1.) The warrant was executed the same day it was issued, and cryptocurrency having a total value of around $2.3 million was seized from the account. (MB-22-8946, Doc. 3.) The Government initiated this case on March 27, 2023 and filed a Motion to Seal, in which it requested that the entire case, including the Complaint for Forfeiture *in rem* and all subsequent filings, be sealed in order to prevent the disclosure of an ongoing investigation of violations of various federal laws. (Doc. 1.) The Motion to Seal was granted (Doc. 7), and this action remained sealed until June 23, 2025 (Doc. 15).

Upon attempting to access his Binance account and realizing that he no longer had access to the funds stored there, Claimant Lu contacted Binance customer service and was provided the email address of Special Agent Wood. (Doc. 17 at 2.) In October 2022, Claimant Lu sent Special Agent Wood two emails to which Special Agent Wood did not respond. (Doc. 8-1 at 43.) In the months following, Claimant Lu engaged an attorney in Hong Kong, who in December 2024 and January 2025 again attempted to contact Special Agent Wood by email. (Doc. 17 at 9-10.) Special Agent Wood responded in March 2025, stating that "the assets are subject to seizure and forfeiture," and that "[o]nce the forfeiture process begins, we will send out a notice and your client will be appropriately notified for their opportunity to contest the seizure." (*Id.* at 9.)

On July 12, 2025, the Government first published a Notice of Forfeiture Action online at www.forfeiture.gov. (Doc. 18 at 71.) On August 5, 2025, Mr. Robert D. Mitchell of the law firm Tiffany & Bosco, P.A. entered a Notice of Appearance in this action on behalf of Claimant Lu. (Doc. 16.) The same day, Claimant Lu filed his Claim. (Doc. 17.) On August 6, 2025, the Government mailed a Notice of Forfeiture Action to Claimant Lu, care of his attorneys at Tiffany & Bosco. (Doc. 21-2.) The Government received a signed Return Receipt on August 13, 2025. (Doc. 21-1.) Claimant Lu filed his Motion to Dismiss on August 22, 2025. (Doc. 18.) Magistrate Judge Aguilera's R&R concludes that Claimant Lu's Motion fails to show a violation of any statute or due process, and that the Complaint adequately alleges that the Defendant cryptocurrencies are forfeitable. (Doc. 38.)

In his Objection to the R&R, Claimant Lu contends that dismissal is warranted because the Government violated his statutory rights to notice of this action, violated his due process rights, and failed to sufficiently allege in its Complaint that all Defendant cryptocurrencies are forfeitable. (Doc. 45.)

## II.   Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   Discussion

### a.  Statutory Notice Requirements

Claimant Lu first contends that the Government violated 18 U.S.C. § 983 by failing to provide him with notice of the seizure of the Defendant cryptocurrencies within 60 days after the seizure was executed. (Doc. 45 at 3.) Section § 983(a)(1)(A)(i) provides that "in any nonjudicial civil forfeiture proceeding . . . with respect to which the Government is required to send written notice to interested parties, such notice [shall not be sent] more than 60 days after the date of the seizure." This provision is applicable only to *nonjudicial* civil forfeiture proceedings, based on the express language of the statute. *See Omidi v. United States*, 851 F.3d 859, 861 (9th Cir. 2017).

- 3 -

Here, just as in *Omidi*, "[t]his case involves *judicial* forfeiture proceedings, so the notice provision at issue does not apply." *Id.* Personal property worth more than $500,000 is generally ineligible for nonjudicial forfeiture proceedings. *Id.* at 862 (citing 19 U.S.C. § 1607). Here, the property at issue is worth around $2.3 million, and therefore—just as in *Omidi*—the Government "could not have pursued nonjudicial forfeiture proceedings even if it had wanted to." *Id.* As such, Claimant Lu's arguments regarding the Government's failure to comply with 18 U.S.C. § 983 are without merit.

Claimant Lu's next contention is that the Government failed to act in accordance with Federal Rule of Civil Procedure 4(n), which provides that "[n]otice to claimants of the property must be given as provided in the statute or by serving a summons under this rule." Claimant Lu argues that the "relevant statute in this case is 18 U.S.C. § 983," and that the Government's failure to give notice as provided in that statute warrants dismissal. (Doc. 45 at 4.) But as discussed above, 18 U.S.C. § 983 does not apply to this judicial forfeiture action. Claimant Lu further argues that because Rule 4(n) otherwise requires notice to be served "under this rule," the Government should have served the Complaint upon him within 90 days of filing it, the time prescribed by Rule 4(m). (*Id.* at 4.) Rule 4(m) requires cause to be shown for failure to serve "a *defendant*" within 90 days of the filing of a complaint. The above-captioned matter being a civil forfeiture proceeding, however, Claimant Lu is not a defendant in this action; the failure to serve him in accordance with Rule 4(m) therefore cannot serve as the basis for dismissal.[1]

Claimant Lu further argues that the Government failed to comply with Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which states that "[a] judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the

---

[1] Claimant Lu also argues that Federal Rule of Civil Procedure 5(a)(3) applies because Rule 4(m) requires service within 90 days. Rule 5(a)(3) provides: "If an action is begun by seizing property and no person is or need be named as a defendant, any service required before the filing of an appearance, answer, or claim must be made on the person who had custody or possession of the property when it was seized." But, as the R&R finds, the "service required" here was direct notice to Claimant within 60 days of publishing notice online. (Doc. 38 at 5-6 (citing Rules G(4)(b)(i) and G(5)(A)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions).)

complaint or at a time the court orders." It is true that while this action was filed on March 27, 2023, the Government did not publish notice until July 12, 2025, a delay of over 27 months. (*See* Doc. 1, Doc. 18 at 71.) Despite the length of this delay, it was reasonable in this instance. This case was under seal because of its relation to the Government's investigation of a wide-ranging cryptocurrency scam, and publishing notice of the action would have defeated the point of maintaining the case under seal.

Claimant Lu asserts that this allows the Government to "seize the cryptocurrencies of anybody in the world without providing notice of the seizure for over three years because of an uncertified 'investigation'" (Doc. 45 at 2), but Claimant Lu proffers no facts showing that the Government's statements regarding its ongoing investigation were made in bad faith or that the investigation was unwarranted.[2] In addition, the Government was prompt in fulfilling its notice obligations after this case was unsealed, publishing notice nineteen days after the fact. (Doc. 15; Doc. 18 at 71.)[3]

In light of the foregoing, the Court concludes that Claimant Lu has failed to establish any violation of applicable statutory notice requirements.

### b. Due Process[4]

Claimant Lu argues that the Government violated his due process rights by allowing

---

[2] In his arguments regarding the reasonableness of the Government's delay in publishing notice, Claimant Lu also includes discussion of the procedures the Government must follow in extending the time period for notice under 18 U.S.C. § 983. As the Court has established, 18 U.S.C. § 983 is not applicable to this action.

[3] Moreover, the final clause of Supplemental Rule G(4)(a)(i) states that the Government may publish notice of an action "at a time the court orders," which "allows a court to modify the reasonable time standard, without apparent limitation." *United States v. Real Prop. Located at 19905 73rd Ave. NE*, No. C06-621MJP, 2007 WL 1725221 at *1 (W.D. Wash. June 12, 2007). Even if the length of the delay in publishing notice in this case was not reasonable, the Court would find good cause to modify the reasonable time standard in this matter because the delay was due to the Government's pursuit of a complex criminal investigation.

[4] In the civil forfeiture context, failure to comply with due process is ordinarily raised as an affirmative defense. *See, e.g., United States v. Approximately $1.67 Million (US) in Cash, Stock & Other Valuable Assets Held by or at 1) Total Aviation Ldt.*, 513 F.3d 991, 995 (9th Cir. 2008); *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 560-61 (1983). In general, affirmative defenses do not provide a basis upon which on a motion to dismiss may be granted "except where the defense raises no disputed issues of fact." *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 n.6 (9th Cir. 2018). Here, the Court will address Claimant Lu's arguments regarding due process, but the Court's findings at this stage are qualified because of unresolved potential factual issues.

- 5 -

a 33-month delay between the time that the Government seized the Defendant cryptocurrency and the time when Claimant Lu received notice of this action.[5] (Doc. 45 at 5.)

Delay in initiating a civil forfeiture case, as well as delay in moving a civil forfeiture case forward to trial after it is initiated, may violate a claimant's right to due process. *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 654-55 (1983); *United States v. $12,248 U.S. Currency*, 957 F.2d 1513 (9th Cir. 1991) (holding that four-year delay in bringing forfeiture case to trial constituted violation of due process). To determine whether a claimant's right to due process has been violated in the context of delays arising from a civil forfeiture case, four factors must be weighed— the length of the delay; the reasons for the delay; the claimant's assertion of his rights; and prejudice to the claimant. *$8,850*, 461 U.S. at 564 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Application of the *Barker* factors is a case-specific inquiry; "none of [them] [are] a necessary or sufficient condition for finding unreasonable delay." *$8,850*, 461 U.S. 565. The factors are "guides in balancing the interests of the claimant and the Government to assess whether the basic due process requirement of fairness has been satisfied in a particular case." *Id.*

The first two factors—length of the delay and the reasons for the delay—are closely related. *Id.* "[S]hort delays . . . need less justification than longer delays." *Id.* The fourth factor is also connected, in that a finding of reasonable diligence in evaluating the second factor means that the claimant must show actual prejudice to prevail on a due process claim, whereas prejudice may be presumed if the delay was attributable to the Government's bad faith or negligence, with the presumption of prejudice stronger for longer delays. *See Doggett v. United States*, 505 U.S. 647, 656-57 (1992); *United States v. Reynolds*, 231 F. App'x 629, 631 (9th Cir. 2007).

Magistrate Judge Aguilera's R&R notes in regard to the first factor that the 33-

---

[5] The Complaint *in rem* was lodged five months after seizure of the Defendant cryptocurrency and remained under seal, with no further action, for 26 subsequent months. (Docs. 1, 14.) Claimant Lu had actual notice of this action two months after the case was unsealed at the latest, when he filed his Claim. (Doc. 17.)

month delay at issue in this case is "much longer than the 18-month delay" that the Supreme Court termed "quite significant" in *United States v. $8,850*. (Doc. 38 at 6.) However, the Supreme Court "has rejected bright-line rules," *United States v. Myers*, 930 F.3d 1113, 1123 (9th Cir. 2019), and even as long as a 58-month delay—while "stretch[ing] the elasticity of the test"—is "not presumptively improper." *United States v. Approximately $1.67 Million (US) in Cash, Stock & Other Valuable Assets Held by or at 1) Total Aviation Ldt.*, 513 F.3d 991, 1001 (9th Cir. 2008). Nonetheless, 33 months is a considerable amount of time, and the Government must therefore offer persuasive justification for its delay.

The R&R determines that the Government succeeded in doing so because the delay was caused by the Government's ongoing criminal investigation, and it would have been improper for the Government to reveal information kept under seal by publishing notice of this action. (Doc. 45 at 3.) Claimant Lu offers no convincing argument refuting these conclusions. In asserting that the delay was not justified, Claimant Lu merely repeats his arguments regarding the Government's responsibility to provide notice under 18 U.S.C. § 983 (Doc. 45 at 6), which as the Court has established is not applicable to this case.

The Government's need to investigate is a credible reason for delay in a forfeiture action, *$1.67 Million in Cash*, 513 F.3d at 1001, and the present case stands in sharp contrast to those in which delay was unexplained or due to inexcusable neglect. *See, e.g.*, *United States v. Shell*, 974 F.2d 1035 (9th Cir. 1992) (finding that a five-year delay due to misplacement of file violated due process); *Doggett v. United States*, 505 U.S. 647 (1992) (finding that an eight-and-half-year delay due to simple lack of diligence violated due process). Where the Government has diligently pursued an investigation, a claim for violation of due process is likely to fail no matter how great the delay, so long as a claimant cannot show specific prejudice. *Doggett*, 505 U.S. at 656.

Here, Claimant Lu has not shown that the criminal investigation which caused this case to be sealed and led to the thirty-three-month delay at issue was prolonged due to any lack of diligence or inexcusable neglect. Since at present there is no reason to doubt the Government's assertion that during the time "the Complaint was under seal the FBI

continued to investigate and trace the fraudulent transfer of funds," (Doc. 47 at 7), the Court concludes that the Government has offered sufficient justification for its delay and acted with reasonable diligence. The Court agrees with Judge Aguilera, however, that "[i]n the end, it may be that the Government was not diligent during the sealing period, such that the delay was unreasonable, and that Claimant has indeed been prejudiced by the delay. Those issues should be left for a later day and a fuller record." (Doc. 38 at 5 n.2.)[6]

Judge Aguilera's R&R determines that the third factor—the claimant's assertion of his rights—weighs in favor of Claimant Lu because he "acted reasonably by sending multiple emails to the FBI agent who requested the search warrant and [hired] a lawyer to send a follow-up inquiry letter." (*Id.* at 4.) The R&R finds that due to this case being sealed, Claimant Lu could not have known where to seek judicial relief. (*Id.*) The Government disagrees with Judge Aguilera's analysis and contends that Claimant Lu's email inquiries were "insufficient affirmative steps to warrant more rapid action by the government." (Doc. 47 at 8.) The Court finds Judge Aguilera's reasoning persuasive, however; Claimant Lu's email inquiries demonstrate his desire to assert his rights, and since this action was under seal it is not entirely clear what other actions Claimant Lu could have taken. The third factor accordingly weighs in his favor.

In regard to the fourth factor, prejudice to the claimant, Claimant Lu argues that he was presumptively prejudiced by the Government's delay in this case and that Judge Aguilera erred in holding that he has not established prejudice. (Doc. 45 at 6.) "The primary inquiry here is whether the delay has hampered the claimant in presenting a defense on the merits, through, for example, the loss of witnesses or other important evidence." *$8,850*, 461 U.S. at 569. Claimant Lu is correct that, to trigger application of the *Barker* test, a delay must cross a "threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651-52. However, a threshold demonstration of presumptively prejudicial delay triggering application of the *Barker* factors does not excuse Claimant Lu from showing actual prejudice when the contested delay has arisen despite the

---

[6] As discussed in n.3, *supra*, this is an example of an unresolved potential factual issue.

Government's reasonable diligence rather than because of the Government's negligence. *See Doggett*, 505 U.S. at 656 (if the Government acted with reasonable diligence, "specific prejudice" must be established to show a due process violation); *see also United States v. Gregory*, 322 F.3d 1157, 1162-63 (9th Cir. 2003) (holding that an individual asserting a due process violation based on a 22-month delay attributable to the government's negligence was not excused from showing actual prejudice).

Since the Court has made a qualified finding of reasonable diligence based upon the record before it at this juncture, Claimant Lu must point to actual prejudice in order to prevail on his due process claim. He has not done so at this time. He argues that prejudice exists "because if he truly purchased the cryptocurrencies from criminals, those criminals have long since disappeared and any attempts to track down the criminals or investigate will be futile" (Doc. 18 at 5) and that the delay "makes recovering transaction records . . . much more difficult" (Doc. 25 at 5), but the Court agrees with Judge Aguilera that these arguments are speculative, and do not demonstrate actual prejudice at this juncture. Therefore, the fourth factor weighs in favor of the Government.

In sum, the Court concludes that the balance of the four-factor analysis weighs in favor of the Government, and finds that at this time Claimant Lu has not demonstrated a violation of his right to due process.

### c. Sufficiency of the Complaint

The final issued raised by Claimant Lu is whether the Complaint *in rem* sufficiently alleges that the $59,939.992 in Ethereum Classic[7] seized from Claimant Lu's Binance account is forfeitable.**[8]** (Doc. 45 at 8.) Judge Aguilera's R&R concludes that the Government has met this burden despite acknowledging that "[t]he complaint does not contain any facts indicating that the seized Ethereum Classic was obtained through

---

[7] The Defendant cryptocurrencies are $1,150,049.51316 in Tether and $59,939.992 in Ethereum Classic. (Doc. 8.) Claimant Lu does not dispute the sufficiency of the Complaint as to the $1,150,049.51316 in Tether. (*See* Doc. 45.)

[8] The Court notes that the Government has filed a Motion to Amend Complaint (Doc. 46) to add new allegations regarding the Ethereum Classic, and the Motion remains pending and referred to Magistrate Judge Aguilera. For the purposes of this Order, the Court addresses only the original and currently operative Complaint.

fraudulent conduct." (Doc. 38 at 8.) The R&R explains that "in a money laundering charge, the commingling of tainted money with clean money taints the entire account." *United States v. Lazarenko*, 564 F.3d 1026, 1035 (9th Cir. 2009); *see also U.S.A. v. Omidi*, No. CR 17-661(A)-DMG, 2021 WL 7629897 (C.D. Cal. June 15, 2021) (finding that the entirety of an account in which illegitimate and legitimate funds were commingled as part of a money laundering scheme was subject to forfeiture). Claimant Lu argues that the R&R's conclusion is erroneous because unlike fiat money, cryptocurrency has "different technological realities," in that "each token can be individually traced and distinguished." (Doc. 45 at 8.)

The Ninth Circuit has "consistently instructed district courts to wait until trial to adjudicate arguments that a portion of the property that the government claims is not subject to forfeiture." *United States v. Aguilar*, 782 F.3d 1101, 1109 (9th Cir. 2015) (collecting cases). Therefore, although Supplemental Rule G(2)(f) requires the government's complaint in a civil forfeiture action to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial," the court in *Aguilar* held that "the government need not show that all of the claimed property is tainted to satisfy" this rule. *Id.* Since the forfeitability of the Ethereum Classic "should not be determined at the pleading stage, but at trial," *id.* (citing *United States v. One Parcel of Real Prop.*, 921 F.2d 370, 375 (1st Cir. 1990)), the Court will deny Claimant Lu's request to dismiss the seized Ethereum Classic from this action.

Accordingly,

**IT IS ORDERED** that Claimant Lu's Objection (Doc. 45) is **overruled**, and Magistrate Judge Aguilera's Report and Recommendation (Doc. 38) is **accepted and adopted**, as set forth above.

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Claimant Lu's Motion to Dismiss (Doc. 18) is **denied**.

Dated this 2nd day of March, 2026.

_____
Honorable Rosemary Márquez
United States District Judge